AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 21-mj-03590-Becerra |
| Jorge Nobrega, | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
     **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong

☒ Subject to lengthy period of incarceration if convicted

☐ Prior criminal history

☐ Participation in criminal activity while on probation, parole, or supervision

☐ History of violence or use of weapons

☐ History of alcohol or substance abuse

☐ Lack of stable employment

☐ Lack of stable residence

☐ Lack of financially responsible sureties

☒ Lack of significant community or family ties to this district

☒ Significant family or other ties outside the United States

☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant is charged by Complaint with violations of conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, conspiracy to commit money laundering, 18 U.S.C. § 1956(h), and money laundering, 18 U.S.C. § 1956(a)(2)(A). The facts, as proffered by the United States, and as outlined in the Complaint, established that Defendant provided services to the Venezuelan military, in that he was contracted to service a fleet of military aircraft by injecting a polyurethane explosion suppressant foam into the fuel tanks to replace the old, disintegrated foam. The proffer and the Complaint established that in order to get paid for his services by the Venezuelan government, Defendant opened a business bank account in Portugal so that he could be paid by Petróleos De Venezuela, S.A. ("PDVSA"), the Venezuelan state-owned oil company, through a third-party. The purpose of Defendant being paid by a third-party as opposed to PDVSA directly was to avoid sanctions imposed by the United States government which issued Executive Orders that blocked the property and interests in property of the Government of Venezuela as well as that of certain individuals or entities designated by the Secretary of the Treasury, including PDVSA which was designated on January 28, 2019.

The proffer and the Complaint established that from March 4, 2019, through July 31, 2019, € 2,474,269.53 was transferred into Defendant's business bank account in Portugal from the third-party. During that same time period, €1,156,897 was transferred from Defendant's business bank account in Portugal to Defendant's business bank account in the Southern District of Florida. In addition, direct payments to American Express were made from Defendant's business bank account in Portugal in the amount of €240,511.

Defendant has close contacts with the Venezuelan military, and was friendly with Venezuelan military members. Finally, Defendant lives in Venezuela, traveled frequently to multiple countries in the Caribbean and Europe, and has experience flying private charter aircraft.

Having considered the evidence presented at the pre-trial detention hearing, the pre-trial services report, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required. Therefore, this Court orders the detention of Defendant prior to trial and until the conclusion of trial.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

As to the nature of the offense, the Court finds that the evidence against Defendant is strong. The offenses allegedly committed by Defendant are serious in that his actions, which violated IEEPA and money laundering laws, involved assisting the Venezuelan military maintain military aircraft, and Defendant did this by personally being on scene as the military aircraft were serviced.

The potential money laundering offenses carry a potential guideline sentencing range of 97 to 121 months imprisonment, which is not insignificant. In addition, Defendant was not just a money launderer, he was actually the person committing the criminal conduct that resulted in the illicit proceeds that he laundered.

Also, the Court finds that Defendant, during the commission of these offenses, had close contacts with the Venezuelan military and was in fact friends with Venezuelan military members. The Court also finds that Defendant potentially has over €1,000,000 in his company bank account in Portugal, thereby giving him access to foreign funds if he fled the United States pending trial.

As to Defendant's ties to the United States or strong ties to places outside the United States, the Court finds that Defendant is a citizen of both the United States and Venezuela and maintains travel documents with both countries. Defendant, his common-law wife and his two young children live in Venezuela, along with Defendant's mother and two sisters.

Defendant has extensive foreign travel, including past travel via private charter aircraft. As such, the Court finds that Defendant has extensive ties to Venezuela and the Venezuelan government and notes that the United States does not have an extradition treaty with Venezuela, so that if Defendant fled to Venezuela, the United States would have no legal mechanism to bring him back to face the charges against him.

The Court also finds that the bond proposal put forth by Defendant is not sufficient to reasonably assure Defendant's appearance as required.

## Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     8/25/2021

United States Magistrate Judge